UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>KELVIN RENARD JOHNSON,<br><br>            Defendant. | Nos. CR-01-0132-FVS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RELIEF PURSUANT TO 18 U.S.C. § 3582(c)(2) |

**THIS MATTER** came before the Court on Defendant's motion for relief pursuant to 18 U.S.C. § 3582(c)(2) based on "retroactive amended guidelines effective 11/01/2011." (ECF No. 75). Assistant United States Attorney Timothy J. Ohms represents the United States, and Defendant is proceeding pro se.

**BACKGROUND**

On February 11, 2002, Defendant pleaded guilty in a Rule 11(e)(1)(C) plea agreement to the crimes of distribution of cocaine base, distribution of over 5 grams of cocaine base, and possession with intent to distribute over 5 grams of cocaine base, each in violation of 21 U.S.C. § 841(a)(1). (ECF No. 49). Defendant also pleaded guilty to three counts in violation of 18 U.S.C. § 922(g) for felon in possession of firearm and ammunition.

ORDER DENYING DEFENDANT'S MOTION . . . - 1

The parties stipulated in the plea agreement that Defendant's base offense level was 34 because he qualified as a Career Offender. U.S.S.G. § 4B1.1. Thereafter, the Court applied a three-level reduction for timely acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Based on the stipulation within the plea agreement (ECF No. 49 ¶ 3) and U.S.S.G. § 2D1.1(b), the Court then applied a two-level increase to Defendant's offense level for possession of a dangerous weapon. Based on an adjusted offense level of 33 and a criminal history category VI, Defendant's guideline range was 235-293 months incarceration. The parties jointly recommended that Defendant be sentenced to a term of imprisonment of 240 months. (ECF No. 49 ¶ 3(E)). On June 17, 2002, the Court sentenced Defendant to 240 months incarceration.

**DISCUSSION**

Defendant argues that he is eligible for a reduction of his sentence based on "the retroactively applied guidelines that were released in June 2011." (ECF No. 75 at 1). Defendant requests that the Court modify his sentence according to the new provisions for crack cocaine. (ECF No. 75 at 2).

Defendant, however, received a Career Offender enhancement pursuant to U.S.S.G. § 4B1.1 which gave him a base offense level of 34 and a Criminal History Category of VI. The enhancement to a base offense level of 34 was not based on the quantity of drugs involved, but rather on Defendant being at least 18 years old at the time he committed the offense of conviction, the offense was a felony controlled substance offense, Defendant had at least two prior felony

convictions of either a crime of violence or a controlled substance offense, and the statutory maximum for the offense of conviction was "20 years or more."  *See* U.S.S.G. §4B1.1.

If an amendment to the guidelines does not change the original sentencing analysis, a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) is properly denied.  *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996).  As discussed above, Defendant's guideline range was based on his Career Offender enhancement.  The new provisions for crack cocaine do not have the effect of lowering Defendant's applicable guideline range.  Hence, a reduction of Defendant's sentence is not authorized under § 3582(c)(2).

The Court being fully advised, Defendant's motion pursuant to 18 U.S.C. § 3582(c)(2) based on "retroactive amended guidelines" (**ECF No. 75**) is **DENIED.**

**IT IS SO ORDERED.**  The District Executive shall forward copies of this order to Defendant and counsel for the Government.

**DATED** this  2nd  day of December, 2011.

> S/Fred Van Sickle
> Fred Van Sickle
> Senior United States District Judge